ORIGINAL

1  David S. Kupetz (CA Bar No. 125062)
   Email:dkupetz@sulmeyerlaw.com
2  Marcus A. Tompkins (CA Bar No. 190922)
   Email:mtompkins@sulmeyerlaw.com
3  **SulmeyerKupetz**
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
7  Attorneys for Robert A. Russell, an
   individual, Placer County Land Investors,
   LLC, a California limited liability
8  company, and SVRB Investments, LLC,
   an Arizona limited liability company,
9  Plaintiffs

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

10

11
## UNITED STATES DISTRICT COURT
12
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION
13

8:07CV123

14

| | |
|---|---|
| 15  Robert A. Russell, an individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>USA Investment Partners, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. EDCV07-0343 SGL (JCRx)<br><br>[Proposed] **ORDER APPOINTING TEMPORARY RECEIVER, TEMPORARY RESTRAINING ORDER AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND A PERMANENT RECEIVER SHOULD NOT BE APPOINTED**<br><br>Date:   [To Be Set]<br>Time:   [To Be Set]<br>Place:  3470 Twelfth St., Room 134<br>        Riverside, CA 92501 |

28

RECEIVED

APR 3 2007

CLERK
U.S. DISTRICT COURT
OMAHA

25  This matter came before the Court on plaintiffs' "Ex Parte Application for (1)
26  Temporary Receiver, (2) Temporary Restraining Order, (3) Other Equitable Relief,
27  and (4) Order to Show Cause why a Permanent Receiver Should Not be Appointed
28  and a Preliminary Injunction Should Not Issue" (the "Application"). The Court has

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]                    1

(10)

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213 626 2311 • FAX 213 629.4520

1   diversity jurisdiction over this action and venue in this District is appropriate under

2   28 U.S.C. § 1391(a)(2). Based on the evidence presented, the argument of counsel,

3   the authority submitted, being otherwise fully advised in the matter, and good cause

4   having been shown, the Court hereby finds that:

5   **I.   FINDINGS OF FACT**

6        A.   Defendant, USA Investment Partners, LLC, ("USAIP" or

7   "Defendant") is a limited liability company organized under the laws of the State

8   of Nevada. The members of USAIP are Thomas A. Hantges ("Hantges") and

9   Joseph D. Milanowski ("Milanowski"). Hantges owns a 57% membership

10  interest in USAIP. Milanowski owns a 43% membership interest in USAIP.

11  Milanowski is the manager of USAIP. Hantges and Malinowski are collectively

12  referred to herein as the "Members".

13       B.   The plaintiffs (the 'Plaintiffs") in this action are Placer County Land

14  Investors, LLC ("Placer"), SVRB Investments, LLC ("SVRB"), and Robert A.

15  Russell ("Russell").

16       C.   Russell, an individual, is a resident of the state of Arizona. Placer is

17  a limited liability company organized under the laws of the state of California.

18  The members of Placer are USAIP, Russell, and Land & Castle Investments, LLC

19  ("L&CI"). USAIP owns an 88% controlling membership interest in Placer.

20  Russell owns a 10% membership interest in Placer. L&CI owns a 2%

21  membership interest in Placer. Russell has been the manager of Placer. On

22  March 20, 2007, Russell received a letter (the "Removal Letter") from USAIP

23  seeking to replace him as manager of Placer with USAIP.

24       D.   SVRB is a limited liability company organized under the laws of the

25  state of Arizona. The members of SVRB are USAIP and Russell. USAIP owns a

26  50% membership interest in SVRB. Russell owns a 50% membership interest in

27  SVRB. Russell is a manager of SVRB.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514 1 3/23/2007 (2 25 PM)]                    2

1    E.    The primary assets of USAIP are equity interests in entities that own

2    real estate development projects in various stages of development, primarily

3    located in California and substantially located within the judicial district of this

4    Court.

5    F.    Currently, entities affiliated with the members of USAIP are the

6    subject of bankruptcy cases (the "Bankruptcy Cases") pending in the United

7    States Bankruptcy Court for the District of Nevada.  These entities include USA

8    Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors,

9    LLC ("USACRA"), USA Securities, LLC  ("USAS"), USA Capital First Trust

10    Deed Fund ("First"), and USA Capital Diversified Trust Deed Fund, LLC

11    ("Diversified").

12    G.    On January 3, 2007, the Honorable Linda B. Riegle, United States

13    Bankruptcy Judge in the jointly administered Bankruptcy Cases entered a

14    temporary restraining order with regard to an entity (HMA Sales, LLC) in which

15    USAIP holds a 90% equity interest.

16    H.    Prior to the commencement of the Bankruptcy Cases, USAIP had

17    received financial support in the way of transfers and loans from USACM and

18    some of the related entities that are debtors in the Bankruptcy Cases.  Subsequent

19    to the commencement of the Bankruptcy Cases, such support was not provided.

20    I.    Hantges and Milanowski are the subject of an investigation requested

21    by the United States Securities and Exchange Commission (the "SEC") and

22    conducted by the Federal Bureau of Investigation (the "FBI") in connection with

23    the business and operations of USAIP and various related entities.

24    J.    USAIP is controlled by Hantges and Milanowski.  The Members

25    have admitted to Plaintiffs that during the pendency of the ongoing investigation

26    by the SEC and/or the FBI relating to their activities, they have been and will

27    continue to be precluded from effectively managing the operations of USAIP.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 • FAX 213.629.4520

K.    USAIP has substantial liabilities under guarantees of loans made to entities in which USAIP holds a membership interest. USAIP is also obligated to Diversified pursuant to a loan that may amount to as much as $75 million or more. This loan is secured by a general pledge of the membership interests held by USAIP.

L.    USAIP has significant unpaid, delinquent obligations, including those owing to Plaintiffs, and unperformed commitments, including those made to Plaintiffs.

M.    Parties, including Plaintiffs, with claims against USAIP and/or with equity interests in entities in which USAIP also holds an equity interest face imminent and irreparable harm to their opportunity for recovery on their claims and/or equity interests. The assets of USAIP are at risk as long as USAIP remains under the control of the Members.

N.    USAIP is unable to effectively function and the assets of USAIP are diminishing in value as a result of the lack of any party currently in a position to control the direction and operations of USAIP. Loans with respect to real estate development projects owned by entities in which USAIP holds membership interests, including entities in which Plaintiffs also hold membership interests, are delinquent, real property taxes and other obligations owing with respect to such projects are also delinquent.

O.    Various real estate development projects owned by entities in which USAIP owns membership interests, including those in which Plaintiffs also own membership interests, are in need of refinancing.

P.    In its current state, USAIP is unable to obtain refinancing, perform its obligations or meet its commitments to its creditors, including Plaintiffs.

Q.    The Removal Letter received by Placer from USAIP on March 20, 2007, threatens Placer with severe, immediate and irreparable harm. With its

1   Members under criminal investigation, USAIP is not capable of effectively

2   managing Placer.

3       R.    Unless control of USAIP is promptly removed from Milanowski and

4   Hantges, Placer and all other creditors or USAIP and all parties with equity

5   interests in entities owning real estate in which USAIP also holds an equity

6   interest are faced with severe, immediate and irreparable harm.

7       S.    An injunction is necessary to enjoin all but the Court from exercising

8   control of the Property (defined in paragraph 1 below) of the Receivership Estate

9   (defined in paragraph 1 below), and to prevent interference with this Court's

10   exclusive custody over the Property of the Receivership Estate.

11       T.    This Court holds the Property in custodia legis, and based on the

12   common law standards pertinent to Receiverships and Injunctions:

13           a.    any interference with the Court's custody of the Property will

14           result in real, immediate, and irreparable injury;

15           b.    after the Receiver has filed its preliminary report pursuant to

16           paragraph 7 below, the Receiver will be able to demonstrate a

17           reasonable probability of success on the merits with regard to

18           protecting the interests of creditors of USAIP and preserving and

19           protecting the Property;

20           c.    there is no plain, speedy, and adequate remedy at law to preserve

21           the Property and to protect it from waste absent the entry of an

22           Injunction; and

23           d.    An Injunction will protect the Property and will not disserve the

24           public interests.

25       U.    An Equitable Stay is necessary to prevent courts of other jurisdictions

26   from instructing the Receiver without application to this Court.

27       V.    This Court finds that Waverton Group, LLC, a Colorado limited

28   liability company, with offices at 4101 East Louisiana Avenue, Suite 300, Denver,

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  Colorado, 80246, is qualified and suitable to be appointed as Receiver for

2  Defendant.

3  **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

4  **II.    APPOINTMENT OF TEMPORARY RECEIVER**

5      1.    Waverton Group, LLC, is appointed Temporary Receiver over

6  Defendant and the assets of Defendant (the "Property"), with such appointment to

7  take effect immediately and to continue, subject to further Order of this Court, for a

8  period no longer than the next Motion Day following the expiration of twenty (20)

9  days after the date of appointment. The Property and the claims against the Property

10  (the "Claims") shall be collectively referred to herein as the "Receivership Estate."

11      2.    Before entering upon its duties, the Temporary Receiver shall be sworn

12  to faithful performance (the "Oath"), a receiver's bond (the "Bond") in the amount of

13  $____ shall be filed with the Clerk of this Court, and the Temporary Receiver

14  shall be qualified to do business in the State of California. The Bond shall be

15  maintained until further order of this Court. The Receivership Estate shall bear the

16  expense of purchasing and maintaining the Bond.

17      3.    The Temporary Receiver is hereby directed and empowered to take

18  immediate control of the Property for this Court to hold the Property *in custodia*

19  *legis*. The Temporary Receiver shall manage and preserve the Property, subject to

20  this Order, further Orders, and Instructions exclusively from this Court, subject to

21  the exclusive supervision and exclusive control of this Court.

22      4.    In the Application and the Declarations submitted therewith, the

23  Plaintiffs have shown good cause that the Court should appoint the Temporary

24  Receiver without notice to creditors and make the appointment temporary under

25  L.R. 66-1.

26      5.    The Court hereby Orders all parties to this Receivership Action and all

27  known creditors of the Defendant to show cause why the appointment of the

28  Temporary Receiver should not be made permanent. The Temporary Receiver is

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 • FAX 213.629 4520

1 │ instructed to serve a copy of this Order upon all parties to this Receivership Action

2 │ and all known creditors of the Defendant within twenty (20) days after the date this

3 │ Order is entered.

4 │      6.     The Temporary Receiver's appointment hereunder shall continue until

5 │ the next Motion Day following the expiration of twenty (20) days after the date of

6 │ entry of this Order ( *April 23* , 2007) at *10* a.m. On the Motion Day,

7 │ this Court will determine whether the appointment of the Temporary Receiver shall

8 │ be made permanent.

9 │      7.     The Temporary Receiver is hereby Instructed to file with this Court

10 │ and serve upon the parties to this Receivership Action, within twenty (20) days after

11 │ the date this Order is entered, a preliminary report setting out the identity, location,

12 │ and value of the Receivership Assets and any liabilities pertaining thereto. Further,

13 │ at the time the Temporary Receiver makes its preliminary report, the Temporary

14 │ Receiver shall make recommendations to the Court, including a recommendation

15 │ whether, based on its preliminary report, the Temporary Receiver should be made

16 │ permanent. After providing the parties and creditors of USAIP an opportunity to be

17 │ heard, this Court will determine whether to accept the Temporary Receiver's

18 │ recommendation.

19 │ **III.   POWERS OF THE TEMPORARY RECEIVER**

20 │      8.     The Temporary Receiver is hereby given the powers and authority

21 │ usually held by receivers and reasonably necessary to accomplish the purpose of this

22 │ Receivership including, without limitation, the specific power to:

23 │      a.     take immediate control of the Receivership Estate, to the

24 │      exclusion of all others;

25 │      b.     take control of the Receivership Estate, and manage and preserve

26 │      the Receivership Estate as reasonably necessary to maximize the value

27 │      and prevent diminution of the value of the Receivership Estate;

28 │

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2 25 PM)]

7

1    c.    retain security personnel as necessary to secure the Receivership

2    Estate;

3    d.    manage, operate, rent, maintain, lease, protect, and otherwise

4    control the Receivership Estate;

5    e.    collect rents and revenues, income, profits, and other benefits

6    from the operation and management of the Receivership Estate;

7    f.    pay taxes, insurance, utility charges, rent and other expenses and

8    costs reasonably incurred in managing and preserving the Receivership

9    Estate;

10    g.    hire, on a contract basis wherever possible, or as employees

11    where required by applicable federal law, the personnel necessary to

12    manage and preserve the Receivership Estate;

13    h.    contract for and obtain such services, utilities, supplies,

14    equipment, and goods as are reasonably necessary to manage and

15    preserve the Receivership Estate and to make such repairs to the

16    Property as the Temporary Receiver may reasonably deem necessary

17    provided that no contract shall extend beyond the termination of the

18    Receivership without the permission of the Court;

19    i.    make, enforce, modify, negotiate, and enter into such leases

20    (including equipment leases), contracts and concession agreements as

21    the Temporary Receiver may reasonably deem appropriate to manage

22    and preserve the Receivership Estate provided that no such lease,

23    contract, or agreement shall extend beyond the termination of the

24    Receivership without the permission of the Court;

25    j.    open, transfer, and change all trade accounts relating to the

26    Receivership Estate, so that all such accounts are in the name of the

27    Receiver;

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   k.   open, transfer and change all bank accounts relating to the
2   Receivership Estate, so that all such accounts are in the name of the
3   Receiver;

4   l.   close USAIP's bank account or accounts and transfer the funds to
5   a bank account in the name of the Temporary Receiver;

6   m.   invest the capital of the Receivership Estate, without the
7   permission of the Court, in savings accounts or in securities backed by
8   the full faith and credit of the United States;

9   n.   obtain and renew all insurance policies that the Temporary
10   Receiver deems reasonably necessary to manage and preserve the
11   Receivership Estate and the interest of the Temporary Receiver and the
12   parties to this action;

13   o.   enter into contracts for those services reasonably necessary to aid
14   the Temporary Receiver in the administration of the Receivership,
15   including the retention of attorneys and accountants, with all reasonable
16   expenses incurred in connection therewith deemed to be expenses of
17   the Receivership, provided that no such contract shall extend beyond
18   the termination of the Receivership without the permission of the
19   Court;

20   p.   borrow from the parties and the claimants of USAIP on an
21   unsecured basis and on such other reasonable terms as may be
22   acceptable to the Temporary Receiver, funds to meet the capital needs
23   of the Receivership Estate in excess of the income from the
24   Receivership Estate;

25   q.   Issue Receiver's Certificates in exchange for funds advanced by
26   the parties, Claimants, or third parties during the term of this
27   receivership, provided that the Temporary Receiver shall give notice to
28   all parties who have entered an appearance in this action and obtain

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   prior approval of this Court. Such receiver's certificates shall be a first

2   and prior lien and a preference claim upon the Estate, or a portion of it

3   at the Temporary Receiver's election;

4   r.    Apply for, obtain, maintain, and renew as reasonably necessary

5   all trademarks, copyrights, patents, licenses, and permits required for

6   the operation of the Receivership Estate. Licenses and permits shall be

7   obtained in the name of USAIP wherever possible, and where not

8   possible, in the name of the Temporary Receiver;

9   s.    institute such legal actions as the Receiver deems reasonably

10   necessary to collect accounts and debts, enforce agreements relating to

11   USAIP and the Receivership Estate, to protect the Property, and to

12   recover possession of the Property or USAIP from persons who may

13   now or in the future be wrongfully possessing or occupying the

14   Property or USAIP, or any part thereof;

15   t.    to take control of any remaining books and records of Defendant

16   (the "Records"); and

17   u.    do such other lawful acts not inconsistent with the Order as the

18   Temporary Receiver reasonably deems necessary to manage and

19   preserve the Receivership Estate and to perform such other functions

20   and duties as may from time to time be required and authorized by this

21   Court, by the laws of the state of California or by the laws of the United

22   States of America.

23   **IV.    TEMPORARY RESTRAINING ORDER**

24   9.    Except as may be expressly authorized by this Court upon notice and a

25   hearing, Plaintiffs, Defendant, and all people, entities, and agencies with actual

26   notice of this Order are enjoined from:

27   b.    collecting the Property, or any proceeds, revenues, accounts,

28   issues, profits or other revenues thereof;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 • FAX 213.629.4520

c.     withdrawing funds from any bank or other depository account
belonging to the Receivership Estate;

d.     terminating or causing to be terminated any license, permit, lease
contract or agreement relating to the Property;

e.     altering, erasing, or destroying any Records without the prior
written consent of the Temporary Receiver;

f.     holding themselves out as, or acting or attempting to take any
and all actions of any kind or nature as officers, employees,
representatives, or principals of USA Investment Partners, LLC, or the
Receivership Estate; and

g.     otherwise interfering with the operation of the Receivership
Estate or the Receiver's exercise of any power hereunder or the
Temporary Receiver's discharge of his duties.

h.     Upon receipt of a copy of this Order, or upon actual knowledge
of the entry of this Order, any other person or business entity shall also
be bound by this Paragraph 9.

10.     Except as may be expressly authorized by the Temporary Receiver or
by this Court, no person may buy, sell, or otherwise transfer any Property not in the
control of the Temporary Receiver.

11.     All actions that purport to seek equitable relief against the Temporary
Receiver or the Receivership Estate are hereby stayed regardless of venue or
jurisdiction. The Temporary Receiver is instructed to file a Request for an Order to
Show Cause with this Court if any business or person files any pleading in any other
court seeking equitable relief against the Receiver or the Property without first
seeking relief from this stay.

12.     All civil legal proceedings wherever located, including arbitration
proceedings, foreclosure activities, bankruptcy actions, or default proceedings, to
the extent such actions and proceedings interfere with this Court's exclusive control

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514 1 3/23/2007 (2:25 PM)]

11

1   over USAIP or any of its Assets, are stayed in their entirety, and all Courts having

2   any jurisdiction thereof are enjoined from taking or permitting any action until

3   further Order of this Court.

4        13.    The stay in this Order does not apply to the assets currently under the

5   control of the Bankruptcy Cases. The Temporary Receiver is instructed to prepare

6   the appropriate pleadings and appear before Judge Riegle in the Bankruptcy Cases

7   for the purpose of requesting Judge Riegle to dissolve the TRO in the Adversary

8   Action to the extent, if any, that it relates to Assets of the Receivership Estate,

9   thereby enabling this Court to complete its jurisdiction over the Assets of the

10  Receivership Estate.

11  **V.    TURNOVER OF ASSETS**

12       14.    All persons and entities now or hereafter in possession of Property shall

13  forthwith surrender such control and possession to the Temporary Receiver. Without

14  limiting the generality of the foregoing, Plaintiffs, Defendant, and all persons and

15  entities in active concert and participation with the Plaintiffs and Defendants, shall

16  deliver to the Temporary Receiver all Property within their possession or control,

17  including, but not limited to, tangible assets, the Records, evidence and

18  documentation of intellectual properties owned or controlled by Defendant,

19  computers, hard drives, backup tapes, and all other media for the Defendant

20  computer network, all accounting records of USAIP, bank statements and records,

21  passwords for access, checking account, check registers, copies of paid and unpaid

22  invoices, cancelled checks and all other financial records.

23       15.    All persons having notice of this Order, and having oral or written

24  agreements with USAIP or statutory or regulatory mandates for the supply of goods

25  or services, including without limitation, all computer software, communication and

26  other data services, centralized banking services, payroll services, insurance, utility

27  or other services to USAIP are hereby restrained until further order of this Court

28  from discontinuing, altering, interfering with or terminating the supply of such

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LJT\513514.1 3/23/2007 (2:25 PM)]                12

1 | goods or services as may be required by the Temporary Receiver; and the

2 | Temporary Receiver shall be entitled to the continued use of Defendant's current

3 | telephone numbers, fax numbers, internet addresses and domain names, provided in

4 | each case that the normal prices or charges for all such goods or services received

5 | after the entry of this Order shall be paid by the Temporary Receiver in accordance

6 | with the ordinary course of business of Defendant and such supplier, or such other

7 | practices as may be agreed upon by the Temporary Receiver and the supplier, or as

8 | may be ordered by this Court.

9 | 16. Subject to the provisions of Section VII below (Document Depository),

10 | all attorneys, accountants, engineers, scientists, and other professionals who have

11 | represented USAIP, and their representatives, are hereby Ordered to deliver

12 | immediately over to the Temporary Receiver all documents, files, and information

13 | concerning Defendant and the Property that they have in their possession or control.

14 | Any claims for non-payment for services shall be presented as a claim against the

15 | Receivership Estate and shall not be used as a defense to turning-over as set forth in

16 | this paragraph.

17 | 17. All privileges in connection with professional representation of

18 | Defendant and the Property shall accrue to the sole benefit of the Temporary

19 | Receiver and the Receivership Estate and may only be waived by the Temporary

20 | Receiver with the consent of this Court.

21 | 18. If the Temporary Receiver determines, after reasonable inquiry that a

22 | person or entity is in violation of the Turnover Order within this Order, the

23 | Temporary Receiver is Instructed to give written notice thereof to the person or

24 | entity violating the Turnover Order, with a copy of this Order attached, demanding

25 | turnover of Property. If the person or entity in possession fails or refuses to turnover

26 | the Property after receiving notice, the Temporary Receiver shall file a Request for

27 | an Order to Show Cause with this Court.

28 |

*SulmeyerKupetz, A Professional Corporation*
*333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR*
*LOS ANGELES, CALIFORNIA 90071-1406*
*TEL. 213.626.2311 • FAX 213.629.4520*

[DSK\LIT\513514.1 3/23/2007 (2 25 PM)]          13

1    19.    Paragraphs 14 through 18 above of this Order comprise a traditional

2  Turnover Order, and as such, are Case Management Orders and not Injunctions.

3  **VI.    DOCUMENT DEPOSITORY**

4    20.    In order to (a) establish a uniform method of identifying documents for

5  use in all proceedings related to this Receivership Action, including the Bankruptcy

6  Cases; (b) to minimize duplication of production efforts requesting and producing

7  parties; (c) to ensure the continued existence of relevant documents; and (d) to

8  reduce the aggregate costs of producing and maintaining documents, the Temporary

9  Receiver is Instructed to establish a depository for documents (the "Document

10  Depository").

11    21.    For the purposes of this Order, the term "Document" shall mean

12  documents directly or indirectly related to this Receivership Action and the

13  Bankruptcy Cases that are in the possession of the Defendant and the Members on

14  the date of this Order, and shall include every tangible object capable of making a

15  truthful statement covered by the definitions of writing, recording, photographs,

16  originals, and duplicate in Rule 1001 of the Federal Rules of Evidence.

17    22.    The Document Depository shall consist of a facility designated by the

18  Temporary Receiver and located within this District under the control of the

19  Temporary Receiver in which all Documents will be stored until further Order of the

20  Court.

21    23.    The Plaintiffs, the Temporary Receiver, and the Members shall

22  designate Documents subject to a claim of privilege, immunity, or confidentiality

23  that are to be placed into the Document Depository under seal (the "Sealed

24  Documents"). The Sealed Documents placed into the Document Depository seal

25  shall only be unsealed pursuant to an Order of this Court.

26    24.    Any Sealed Document placed into the Document Depository and

27  designated by the Members as subject to a direct or joint claim of privilege,

28  immunity, or confidentiality in favor of the Members shall be segregated from all

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213 626.2311 • FAX 213 629.4520

[DSK\LIT\513514 1 3/23/2007 (2.25 PM)]                    14

1 | other Documents within the Document Depository. Any person, entity, or agency
2 | desiring to inspect these Documents shall do so only after making such request of
3 | this Court and giving prior notice to the Temporary Receiver and the Members.

4 |     25. If any criminal proceeding is commenced against the Members or the
5 | Defendant, any person, entity, or agency requesting permission to inspect the Sealed
6 | Documents shall do so only after making such request of this Court and the tribunal
7 | with jurisdiction over the criminal proceeding, and after giving prior notice to the
8 | Temporary Receiver and the Members of the request to inspect the Sealed
9 | Documents.

10 | **VII. JUDICIAL IMMUNITY**

11 |     26. In accordance with Local Rule 66-6, the Receiver shall prepare and file
12 | with the clerk's office routine reports.

13 |     27. The Temporary Receiver shall prepare and file, under oath, a true and
14 | complete inventory of the Property within thirty (30) days after the date of this
15 | Order, specifically setting forth therein any qualifications, limitations, or restrictions
16 | on the inventory as filed.

17 |     28. The Temporary Receiver shall enjoy the limited judicial immunity
18 | usually applicable to receivers. All who are acting, or have acted, on behalf of the
19 | Temporary Receiver at the request of the Temporary Receiver are protected and
20 | privileged with the same limited judicial immunity of this Court as the Temporary
21 | Receiver has. In order to avail the agents of the Temporary Receiver with these
22 | protections and privileges, the Temporary Receiver should file a notice of the
23 | agency with this Court.

24 | **VIII. ORDER TO SHOW CAUSE RE APPOINTMENT OF PERMANENT**
25 | **RECEIVER AND RE PRELIMINARY INJUNCTION**

26 |     29. Defendant and creditors of Defendant are ordered to show cause, if any,
27 | why a Permanent Receiver should not be appointed in this case and that Defendant
28 |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626.2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]

15

1  shall appear at a hearing (the "Show Cause Hearing") before this Court on 4-4-07

2  2007, at 1:30 P.M. in Courtroom #1.

3      ☒ **The United States Courthouse located at** 3470 Twelfth Street,

4              Riverside, California

5      [ ] **The Robal Federal Building and Courthouse located at 255 East**

6  **Temple Street, Los Angeles, California.**

7      It is further ordered that at the Show Cause Hearing, pursuant to Fed. R. Civ.

8  P. 65(b), Defendant and any creditors of Defendant shall show cause, if there is any,

9  why this Court should not enter a Preliminary Injunction, pending final ruling on the

10  Complaint against Defendant, continuing the injunctive relief set forth in this Order.

11      30.    In support of its request for a Preliminary Injunction, Plaintiffs or the

12  Temporary Receiver may submit supplemental evidence discovered subsequent to

13  the filing of the Application for a Temporary Receiver and a TRO, as well as a

14  supplemental memorandum.   Such documents shall be filed and served by no later

15  than 4:00 p.m. on the sixth court day prior to the Show Cause Hearing as scheduled

16  above. Such documents may be served on the Defendant by faxing or delivering the

17  documents to the attorney for the Defendant. It is further ordered that Defendant

18  and/or creditors of the Defendant shall file and serve any opposition to the issuance

19  of a Preliminary Injunction and the appointment of a Permanent Receiver, including

20  any declarations, exhibits, memoranda or other evidence on which they may intend

21  to rely, and any objections to any evidence submitted by Plaintiffs or the Receiver,

22  by no later than 4:00 p.m. on the fourth court day prior to the Show Cause Hearing.

23  Such documents may be served by fax upon the Plaintiffs' counsel or by personal

24  delivery.

25      31.    There will be no direct examination of witnesses at the Show Cause

26  Hearing in this matter.  Direct testimony shall be presented in the form of

27  declarations or affidavits.

28

SulmeyerKupetZ, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

## IX.  MANAGEMENT OF THE RECEIVERSHIP ESTATE

32.    The Temporary Receiver shall operate the Receivership Estate consistent with this Order, further Orders of this Court, and Instructions from this Court. The Temporary Receiver's primary function is to preserve and protect the Property. To the extent the Temporary Receiver, in its business judgment, believes it is necessary to operate USAIP in order to properly preserve and protect the Property, the Temporary Receiver is hereby authorized to do so.

33.    If the Temporary Receiver intends to operate the Receivership Estate, the Temporary Receiver shall include this decision and its support for this decision in the Temporary Receiver's inventory report as required by paragraph 7 above.

34.    In operating the Receivership Estate, the Temporary Receiver shall not engage in speculation with the Property, nor shall the Temporary Receiver engage in new business ventures.

35.    In situations where the Temporary Receiver believes it is necessary or desirable to liquidate any particular asset, the Temporary Receiver shall first request an Order of this Court approving the sale of the asset. With such approval, the Temporary Receiver shall sell the asset with reasonable dispatch and convert the asset into money, discharge all reasonable expenses, costs, and disbursements in connection with the sale of that asset to the extent possible.

36.    All sales by the Temporary Receiver are in the nature of Judicial Sales, and as such the Temporary Receiver shall follow the common law rules applicable to Judicial Sales in conducting any sale of Property.

37.    No sale of Assets shall be final until confirmed by Order of this Court.

38.    The Temporary Receiver need not obtain prior Court approval to sell or otherwise dispose of any tangible personal Property having a depreciated aggregate value, as reflected on Defendant's books of less than $50,000;

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    39.    The Temporary Receiver may conduct a private or public sale,

2 provided that all sales by the Temporary Receiver shall be subject to competitive bid

3 except sales of Property under paragraph 34 above.

4    40.    Any Claimant wishing to bid-in its Claim shall submit an offer

5 specifying the components of the bid within twenty days of the Temporary

6 Receiver's request to this Court to conduct a sale of Property. The Temporary

7 Receiver or any party to this Receivership Action shall file objections to the bid, if

8 any, within fifteen days thereafter.

9    41.    By execution of this Order, the Court terminates the Members'

10 responsibility and authority over the Property. The Members shall reasonably

11 cooperate with the Temporary Receiver in connection with all matters regarding

12 transition, operation of the Receivership Estate, and sale of Property. The Members

13 shall make themselves available to assist the Temporary Receiver during normal

14 business hours, upon reasonable notice, for a period not to exceed thirty days. For

15 this work, the Members shall be compensated as set forth in paragraph 46 below.

16    42.    The Temporary Receiver is hereby authorized to apply the capital of

17 the Receivership Estate and the revenues collected by the Temporary Receiver in

18 connection with the management and operation of the Receivership Estate in the

19 following order of priority:

20    a.    First, to pay the cost of the Bond;

21    b.    Second, to pay the Temporary Receiver's time charges incurred

22    in connection with this Receivership and to prepay or reimburse the

23    out-of-pocket expenses of the Temporary Receiver; and

24    c.    Third, to pay the necessary and reasonable costs of managing

25    and preserving the Receivership Estate, including the fees of the

26    professionals engaged by the Temporary Receiver.

27    d.    Fourth, to repay any Receiver's Certificates, with interest as

28    provided for therein.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213 626 2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]

1        e.     All funds in possession of the Temporary Receiver after

2        satisfaction of the foregoing obligations shall be invested by the

3        Temporary Receiver and held pending further order of this Court.

4      43.    The Temporary Receiver's compensation for services under this Order

5 and the Temporary Receiver's reasonable out-of-pocket expenses shall be prepaid or

6 reimbursed pursuant to Waverton Group, LLC's Standard Hourly Rates as

7 previously submitted to this Court.

8      44.    The Temporary Receiver shall file on at least a quarterly basis an

9 application for approval of the disbursements for professional fees and expenses to

10 himself or others. The Temporary Receiver may pay up to 90% of the professional

11 fees to himself or others and 100% of the expenses on a monthly basis, provided

12 itemized statements are made on a monthly basis and filed under Notice in this

13 Receivership Action.

14      45.    Any provision of law to the contrary notwithstanding, the Temporary

15 Receiver is the only acting Manager of Defendant until further order of this Court.

16      46.    The Temporary Receiver is authorized, without breaching the peace

17 and if necessary with the assistance of local peace officers or U.S. Marshals, to enter

18 and secure any premises, wherever located or situated, in order to take possession,

19 custody, or control of, or to identify the location or existence of Receivership Assets

20 or Records.

21      47.    The Temporary Receiver shall endeavor to wind up the Receivership

22 expeditiously.

23 **X.    FEDERAL AND STATE TAX INCOME TAX LIABILITY**

24      48.    USAIP, as a limited liability company, has no direct liability for the

25 payment of federal or state income taxes. That liability falls to the Members.

26      49.    In order to enable the payment of federal and state income taxes

27 generated by the sale of Property in the form of real estate, the Temporary Receiver

28 shall, within thirty days after the sale of Property in the form of real estate, perform

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629 4520

[DSK\LIT\513514 1 3/23/2007 (2:25 PM)]            19

1    a good-faith calculation of the highest possible taxable income from that sale and

2    pay to the Members from the proceeds of the sale an amount equal to the highest

3    possible taxable income.

4    **XI.**    **EFFECT OF THIS ORDER IN THE EVENT OF APPOINTMENT OF**

5    **PERMANENT RECEIVER**

6        50.    Subject to further orders of this Court, in the event that the Temporary

7    Receiver is appointed as the Permanent Receiver in this action, all terms and

8    provisions of this Order shall continue and remain in full force and effect.

10    DATED: _3-27-07_

       UNITED STATES DISTRICT COURT JUDGE

            STEPHEN G. LARSON
            UNITED STATES DISTRICT JUDGE

14    Presented by:

15    **Sulmeyer**Kupetz
16    a Professional Corporation

17    By

18        David S. Kupetz
   Attorneys for Robert A. Russell, an individual,
19    Placer County Land Investors, LLC, a California
   limited liability company, and SVRB Investments,
20    LLC, an Arizona limited liability company, Plaintiffs

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406.

On March 23, 2007, I served the following document(s) described as **[PROPOSED] ORDER APPOINTING TEMPORARY RECEIVER, TEMPORARY RESTRAINING ORDER AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND A PERMANENT RECEIVER SHOULD NOT BE APPOINTED** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY FAX TRANSMISSION:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 213.629.4520. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dperez@sulmeyerlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 23, 2007, at Los Angeles, California.

Debbie A. Perez

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]                    1

1

## SERVICE LIST

2

3  VIA E-MAIL OR ELECTRONIC TRANSMISSION

4  Counsel for USA Investment Partners, LLC,
   Joseph D. Milanowski, and Thomas A. Hantges
5  Russell Walker, Esq.
   Woodbury & Kesler
6  265 East 100 South, Suite 300
   Salt Lake City, Utah 84110-3358
7  Email Address: rwalker@woodburykesler.com

8  Counsel for USA Investment Partners, LLC
   and Joseph D. Milanowski
9  Dough Griffith, Esq.
   Kesler & Rust McIntyre
10 Bldg. 2nd Floor
   68 S. Main Street
11 Salt Lake City, Utah 84101
   Email Address: dgriffith@kessler-rust.com

12
   Counsel for USA Investment Partners, LLC
13 and Joseph D. Milanowski
   Kenneth M. Breen, Esq.
14 Fulbright & Jaworski, LLP
   666 Fifth Avenue, 31st Floor
15 New York, New York 10103-3198
   Email Address: kbreen@fulbright.com

16
   VIA TELECOPIER
17
   Counsel for Thomas A. Hantges
18 David Chesnoff, Esq.
   Chesnoff & Schonfeld, APC
19 520 South Fourth Street
   Las Vegas, Nevada 89101-6593
20 Telephone Number: (702) 384-5563
   Fax Number: (702) 598-1425

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

[DSK\LIT\513514.1 3/23/2007 (2:25 PM)]                    2